FILED
U.S. DISTRICT COURT

2012 FEB 21  P 4: 06

DISTRICT OF UTAH

BY:_____
     DEPUTY CLERK

James C. Haskins (#1406)
Thomas N. Thompson (#3243)
**HASKINS & ASSOCIATES, L.L.C.**
Attorneys at Law
136 East South Temple, Suite 1420
Salt Lake City, Utah 84111
Telephone:   (801) 539-0234
Facsimile:   (801) 539-5210

*Attorneys for Plaintiff David Bybee*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| DAVID BYBEE, | **PETITION TO QUASH IRS SUMMONSES** |
| Plaintiff, | |
| vs. | |
| UNITED STATES OF AMERICA, and THE NATIONAL BOOKKEEPERS ASSOCIATION, L.L.C. a Utah Limited Liability Company, | Case: 1:12-cv-00034<br>Assigned To : Benson, Dee<br>Assign. Date : 02/21/2012<br>Description: Bybee v. USA et al |
| Defendants. | |

---

COMES NOW the Plaintiff herein David Bybee, and for his Complaint herein, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff is an individual residing at Kaysville, Utah.

2. The Defendant United States of America, is the sovereign federal government, one of whose executive agencies is the Internal Revenue Service, a division of the Department of the Treasury, an agency of the United States.

3. The Defendant National Bookkeepers Association, L.L.C., is a Utah Limited Liability Company.

4. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1340 and 26 U.S.C. § 7609(b).

5. Venue is proper in the District of Utah pursuant to the provisions of 28 U.S.C. § 1391(b), inasmuch as a substantial part of the events or omissions giving rise to the claims herein occurred in this District, or a substantial part of property that is the subject of the action is situated in this District.

## FACTS

6. The Internal Revenue Service is conducting an ongoing criminal investigation of the Plaintiff herein.

7. As part of its investigation of the Plaintiff, on or about the 8th day of February, 2012, a Special Agent of the Internal Revenue Service, Michael Harris, caused to be issued an Internal Revenue Service Summons, Form 2039, to the National Bookkeepers Association, L.L.C., ("the first summons") a Utah limited liability company, Custodian of Records, seeking a broad range of papers and documents, as follows:

All LLC records and books of account to include but not limited to:

>All LLC Bookkeeping records and other financial records including General Ledger, General Journals, all Subsidiary Ledgers and Journals, Gross Receipts and income records, Cash Receipts and Disbursements records and/or Journals, sales and Purchase records and/or Journals. Accounts receivable and Payable Ledgers and records, Bad Debt records, Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks).
>
>Inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records. Records and work papers reflecting the purchase, basis and depreciable life of assets. Records and workpapers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.
>
>Records reflecting ownership of the LLC. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of tax returns. Retained copies of all federal and state income, payroll and excise tax returns.
>
>PAYROLL AND CONTRACTOR DOCUMENTS: Including issued Forms 1099 and Forms W-2. Also to include Forms 941 and records indicating employee withholdings.
>
>LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or motgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of payment (cash or check), checks used to repay loans and a record disclosing the total amount of discount o0r interest paid annually, records of any liens, loans correspondence files and internal memoranda relative to these loans.
>
>QUICKBOOKS FILES: In addition to hard copies, records are requested in the form of QuickBooks magnetic media.

The broad range of the records sought by the Defendant herein include bookkeeping and other financial records consisting of documents related to credit card transactions which were undertaken by National Bookkeeping Association, L.L.C., in the ordinary course of its trade or business.

    8.    On the first page of the first summons, the time periods covered by the summons

were identified as follows: Calendar Years 2000, 2001, 2002, 2005, 2006, 2007, 2008, 2009, and Quarters Ending 3/31/2000, 9/30/2000, 12/31/2000, 6/30/2001, 9/30/2001, and All Quarters of 2003, 2004, 2007, 2008, 2009, 2010. On the second page of the summons, however, the time periods are identified as "FOR THE YEARS: 2008-2012."

9. No notice of the first summons was at any time provided to the subject of the IRS investigation, the Plaintiff herein.

10. The first summons, directed to National Bookkeepers, L.L.C., directed that the voluminous documents requested in the first summons be produced at the offices of Special Agent Michael Harris, 324 25th Street, Ogden, Utah 84401, on Tuesday, the 21st day of February, 2012, at the hour of 11:00 a.m.

11. As part of its investigation of the Plaintiff, on or about the 10th day of February, 2012, a Special Agent of the Internal Revenue Service, Michael Harris, caused to be issued an Internal Revenue Service Summons, Form 2039, to Landon Bybee, ("the second summons") who is a Member of National Bookkeepers Association, LLC, for his testimony only.

12. On the first page of the second summons, the time periods covered by the summons were identified as follows: Calendar Years 2000, 2001, 2002, 2005, 2006, 2007, 2008, 2009, and Quarters Ending 3/31/2000, 9/30/2000, 12/31/2000, 6/30/2001, 9/30/2001, and All Quarters of 2003, 2004, 2007, 2008, 2009, 2010.

13. No notice of the second summons was at any time provided to the subject of the IRS investigation, the Plaintiff herein.

14. The second summons, directed to Landon Bybee, directed that he appear and testify before Special Agent Michael Harris on the 22nd day of February, 2012, at the hour of 2:00

p.m.

15. The Plaintiff is not an officer or member of National Bookkeepers, L.L.C.

16. National Bookkeepers, L.L.C., provides a variety of bookkeeping services to customers and clients who retain its services. On information and belief, a considerable portion of the services performed by National Bookkeepers, L.L.C., involve transactions over the Internet, and as an accommodation to its customers and clients, National Bookkeepers, L.L.C., conducts credit card transactions with those customers and clients using Visa, MasterCard, American Express, and/or other credit card service providers. On information and belief, National Bookkeepers, L.L.C., pays a fee to its credit card service providers to facilitate the use of credit transactions with its clients and customers.

17. National Bookkeepers, L.L.C., is a third-party recordkeeper, as that term is defined pursuant to the provisions of 26 U.S.C. § 7603(b).

18. No notice under 26 U.S.C. § 7609 of the first summons, and no notice under 26 U.S.C. § 7609 of the second summons, was at any time provided to the subject of the summonses, Plaintiff David Bybee.

19. The criminal statute of limitations for any crime described in title 26 of the United States Code has run with respect to the subject of the summonses, David Bybee, with respect to the taxable years 2000, 2001, 2002, and 2005, and the quarters ending 3/31/2000, 9/30/2000, 12/31/2000, 3/31/2001, 6/30/2001, 9/30,2001, and All Quarters of 2003, and 2004. Consequently, the Internal Summonses issued with respect to those taxable periods is invalid, has no proper purpose, and should be quashed.

20. On or about Friday, February 17, 2012, the attorney for the Plaintiff herein

contacted the Special Agent, Michael Harris, who issued the summonses herein. The Plaintiff made a settlement offer to the Special Agent Harris in full settlement of the issues herein, which offer of settlement was unreasonably rejected by Special Agent Harris, necessitating the filing and prosecution of this action.

21. The Plaintiff has exhausted the administrative remedies available to him within the Internal Revenue Service, which administrative remedies did not result in any satisfactory result herein.

22. The Plaintiff is entitled to an award of his costs and attorney fees incurred herein pursuant to 26 U.S.C. § 7430.

## CAUSES OF ACTION

### I. THE THIRD PARTY RECORDKEEPER SUMMONSES AT ISSUE HEREIN SHOULD BE QUASHED FOR FAILURE OF THE DEFENDANT TO GIVE THE REQUIRED STATUTORY NOTICE TO THE PLAINTIFF HEREIN.

23. The Plaintiff re-alleges and incorporates herein paragraphs 1 through 22, above.

24. The Defendant herein, by and through its Internal Revenue Service, failed and neglected to treat the two summonses herein as third-party recordkeeper summonses.

25. The summonses at issue herein are third party recordkeeper summonses within the meaning of 26 U.S.C. § 7609.

26. Pursuant to the provisions of 26 U.S.C. § 7609, Defendant was required to give notice of the summonses at issue herein to the Plaintiff notice of the summonses no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined.

27. As to each of the summonses at issue herein, the Defendant gave no notice to the Plaintiff within the time required by 26 U.S.C. § 7609.

28. The failure of proper notice of the summonses at issue herein is fatal to any enforcement of those summonses, and those summonses should be determined to be of no force and effect and they should be quashed.

### II. THE SUMMONSES AT ISSUE HEREIN SHOULD BE QUASHED AS TO THE TAXABLE PERIODS 2000, 2001, 2002, AND THE QUARTERS ENDING 3/31/2000, 9/30/2001, 12/31/20000, 3/31/2001, AND ALL QUARTERS OF 2003 AND 2004 BECAUSE THE CRIMINAL STATUTE OF LIMITATIONS HAS RUN WITH RESPECT TO THOSE PERIODS.

29. The Plaintiff re-alleges and incorporates herein paragraphs 1 through 28 above.

30. The criminal statute of limitations under title 26 of the United States Code for the filing of a false or fraudulent federal income tax return expires six years following the filing of the return.

31. The Plaintiff, to the extent he had any requirement to file a federal income tax return for any of the above periods, has filed those returns.

32. The criminal statute of limitations under title 26 of the United States Code has expired as to each of the above periods has expired without the Defendant having instituted any proceeding under the criminal tax laws of the Internal Revenue Code against the Plaintiff herein.

33. The summonses at issue herein should be quashed as to the above periods based upon the expiration of the applicable statute of limitations.

### III. THE PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF AGAINST DEFENDANT NATIONAL BOOKKEEPERS ASSOCIATION, L.L.C.

34. The Plaintiff re-alleges and incorporates herein paragraphs 1 through 33, above.

35. The Defendant United States of America failed to give the notice required pursuant to the provisions of 26 U.S.C. § 7609, and such notice was required to be given to the Plaintiff David Bybee.

36. The failure to give the Plaintiff the required notice of the summonses at issue herein invalidates the summonses and those summonses should be quashed.

37. The Plaintiff is entitled to a temporary restraining order and permanent injunction prohibiting the Defendant National Bookkeepers Association, L.L.C., from producing any of the records demanded in the summonses at issue herein unless and until valid summonses are issued which comply with the notice provisions of the law.

### IV. THE PLAINTIFF IS ENTITLED TO RECOVER HIS REASONABLE COSTS AND ATTORNEY FEES PURSUANT TO 26 U.S.C. § 7430.

38. The Plaintiff has fully exhausted all of his administrative remedies available to him within the Internal Revenue Service.

39. The Plaintiff has met all other requirements of 26 U.S.C. § 7430 for the recovery of his costs and attorney fees incurred herein.

40. The Plaintiff should be awarded his costs and attorney fees herein pursuant to the provisions of 26 U.S.C. § 7430.

WHEREFORE, it is prayed:

1. That the Court enter an Order herein determining that the summonses at issue

herein must be quashed for failure to give to the Plaintiff the notices required by the provisions of 26 U.S.C. § 7609.

2. That the Court enter an Order herein determining that, to whatever extent the summonses at issue herein require the production of documents for any taxable period as to which the applicable statute of limitations has expired pursuant to Title 26 of the United States Code, that those summonses should be quashed.

3. That the Court enter an Order declaring that a temporary restraining Order and permanent injunction should issue directing Defendant National Bookkeepers Association, L.L.C., not to comply with the summonses at issue herein.

4. That the Court enter an Order herein awarding the Plaintiff his reasonable costs and attorney fees attributable to the prosecution of this action; and

5. For such other and further relief as the Court may deem just.

DATED this 21st day of February, 2012.

/s/ (#3243)
James C. Haskins
Thomas N. Thompson
Attorneys for Plaintiff