IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **DAVID BYBEE,** | **REPORT AND RECOMMENDATION** |
| **Petitioner,** | |
| **v.** | **Case No. 1:12cv34** |
| **UNITED STATES OF AMERICA and THE NATIONAL BOOKKEEPERS ASSOCIATION,** | **District Judge Dee Benson** |
| **Respondents.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are (1) David Bybee's ("Petitioner") petition to quash IRS summonses[2] and (2) the United States of America's ("Respondent") motion to dismiss the petition to quash.[3]  The court has carefully reviewed the petition, motion, and memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the petition and motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 15..

[2] *See* docket no. 1.

[3] *See* docket no. 10.

## I.  BACKGROUND

In the course of an investigation into the evasion of payment and assessment of federal income tax liability by Petitioner, the Internal Revenue Service ("IRS"), issued summonses to the National Bookkeepers Association, L.L.C. ("NBA") and Landon Bybee ("Bybee").  Bybee is the son of Petitioner and the owner of NBA.  The summonses sought a broad range of papers and documents, as well as the testimony of Bybee pertaining to Petitioner.  Petitioner argues that Bybee and NBA are third-party recordkeepers under 26 U.S.C. § 7603(b) and asks that the summonses be quashed for failure of Respondent to give the required statutory notice to Petitioner after the summonses had been issued, pursuant to 26 U.S.C. § 7609.  Respondent argues that Bybee and NBA are not third-party recordkeepers under 26 U.S.C. § 7603(b) and moves that the petition be dismissed for lack of subject-matter jurisdiction.

## II.  DISCUSSION

### A.  Subject Matter Jurisdiction

As a threshold matter, this court must determine if it has jurisdiction over the petition to quash the summonses.  Respondent argues that this court lacks jurisdiction over the petition because sovereign immunity has not been waived.  Specifically, Respondent asserts that the conditional waiver of sovereign immunity allowing motions to quash does not apply to Bybee and NBA because they are not third-party recordkeepers.  Petitioner does not dispute that 26 U.S.C. § 7609 is a conditional waiver of sovereign immunity; however, Petitioner asserts that Bybee and NBA are third-party recordkeepers within the definition of 26 U.S.C. § 7603(b) and that the petition to quash the summonses is proper.

Under the doctrine of sovereign immunity, the United States Supreme Court has recognized that the United States "is immune from suit save as it consents to be sued." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Furthermore, because an exercise of this court's jurisdiction over the United States depends on the government's consent, any statute that waives sovereign immunity must be strictly construed. *See United States v. Sherwood*, 312 U.S. 584, 590 (1941); *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990). In *Farber v. United States*, the court recognized that 26 U.S.C. § 7609 is a conditional waiver of sovereign immunity. *See* 921 F.2d at 1119. *See also*, *Clay v. United States*, 199 F.3d 876, 880-81 (6th Cir. 1999); *Stringer v. United States*, 776 F.2d 274, 275 (11th Cir. 1985); *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985). Thus, if Bybee and NBA are not third-party recordkeepers under the statute, this court lacks jurisdiction, and the motion to dismiss must be granted.

## B.  Third-Party Recordkeeper

This court must determine whether the petition to quash strictly conforms to 28 U.S.C. § 7609. When the IRS issues a summons to a third-party, that summons may be challenged through a petition to quash. *See* 26 U.S.C. § 7609(b). However, the right to a proceeding to quash does not apply to summonses (i) "issued by a criminal investigator of the [IRS] in connection with the investigation of an offense" related to the enforcement of tax laws and (ii) "served on any person who is not a third-party recordkeeper (as defined in section 7603(b))." *Id.* § 7609(c)(2)(E). Here, Petitioner does not dispute that these summonses were issued "by a criminal investigator of the [IRS] in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws." *Id.* Thus, the only issue is

whether Bybee and NBA qualify as third-party recordkeepers under the definition provided in 26

U.S.C. § 7603(b).

A third-party recordkeeper is defined as, inter alia, "any person extending credit through

the use of credit cards or similar devices." *Id.* § 7603(b)(2)(C).  A Treasury Regulation has

further clarified that extending credit does not include "a seller of goods or services who honors

credit cards issued by other parties but who does not extend credit through the use of credit cards

or similar devices."  26 C.F.R. § 301.7603-2(a)(3)(i).

Petitioner recognizes that Bybee and NBA would not qualify as third-party recordkeepers

under the definition provided in 26 C.F.R. § 301.7603-2(a)(3)(i).  Instead, Petitioner argues the

Treasury Regulation should be "deemed invalid to whatever it extent it conflicts with the

statutory language enacted by Congress."[4]   Specifically, Petitioner asserts that Congress "chose

to broadly define the term third-party recordkeeper broadly by employing the word 'use' rather

than 'issuance.'"[5]   But Respondent counters that "the court would have to ignore existing law"

in order for NBA to qualify as a third-party recordkeeper and that recognizing anyone who

accepts credit cards would "create an exception that would consume the rule" and leave the

remaining definitions in the section "largely superfluous."[6]

Courts have recognized that an agency's interpretation of its own regulations is to be

afforded "'substantial deference'" by the courts. *Via Christi Reg'l Med. Ctr., Inc. v. Leavitt*, 509

---

[4] Docket no. 12 at 4.

[5] *Id.*

[6] Docket no. 13 at 1-3.

F.3d 1259, 1272 (10th Cir. 2007) (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994)).  Here, the court is not persuaded that the regulation conflicts with the statutory language.  The statute provides that a third-party recordkeeper is, inter alia, "any person *extending credit* through the use of credit cards or similar devices."  26 U.S.C. § 7603(b) (emphasis added).  The regulation reinforces the statutory language by providing clarification and recognizing that extending credit "does not include a seller of goods or services who honors credit cards issued by other parties but who does not extend credit through the use of credit cards or similar devices."  26 C.F.R. § 301.7603-2(a)(3)(i).  Thus, the regulation is consistent with the statute.

Furthermore, statutes must be construed so that a clause, sentence, or word is not rendered superfluous.  *See Kawaauhua v. Geiger*, 523 U.S. 57, 62 (1998).  Here, section 7603(b) enumerates various types of third-party recordkeepers, including brokers, software developers, and consumer reporting agencies.  This enumerated list would be rendered meaningless if the court were to accept Petitioner's argument.  Finally, Petitioner offers unpersuasive support for his argument that "extending credit" should be interpreted to encompass any entity which accepts payment through the use of credit cards.[7]

Petitioner has not argued that Bybee and NBA extend credit under the definition provided in 26 C.F.R. § 301.7603-2(a)(3)(i).  Instead, Petitioner only notes that NBA's

---

[7] Petitioner relies on *United States v. New York Telephone Company*, 644 F.3d 953 (2d Cir. 1981), and *Upton v. Internal Revenue Service*, 104 F.3d 543 (2d Cir. 1997), to support a differing interpretation of section 7603(b).  However, both of these cases were decided *before* the Treasury Regulation was issued.  In *New York Telephone Company*, the company actually issued its own credit cards, and in *Upton*, the interpretation of extending credit was not an issue.

customers "frequently pay for . . . services by using credit cards" and "a credit transaction is

entered into pursuant to which *another company* is authorized by the customer to pay for the

services rendered."[8]   This is insufficient to qualify as a third-party recordkeeper.  Because

Bybee and NBA do not qualify as third-party recordkeepers, sovereign immunity has not been

waived and the court lacks subject-matter jurisdiction.  Accordingly, Petitioner's petition to

quash should be **DENIED**, and Respondent's motion to dismiss should be **GRANTED**.[9]

### III.  CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that (1) Petitioner's

petition to quash IRS summonses[10] be **DENIED** and (2) Respondent's motion to dismiss[11] be

**GRANTED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby

notified of their right to object.  *See* 28 U.S.C. § 636(b)(1).  The parties must file any objection

---

[8] Docket no. 12 at 3 (emphasis added).

[9] In light of the court's recommendation on the issue of subject matter jurisdiction, the court will not address the alternative arguments advanced by Respondent.

[10] *See* docket no. 1.

[11] *See* docket no. 10.

to this Report and Recommendation within fourteen (14) days after having received it.  *See id.*

Failure to object may constitute waiver of objections upon subsequent review.

       **IT IS SO ORDERED**.

       DATED this 11th day of September, 2012.

                         BY THE COURT:

                         PAUL M. WARNER
                         United States Magistrate Judge